## KENT & a. v. BROWN.

Whether a furnace and cistern, with pipes and other attachments, are furnished for erecting, altering, or repairing a house, so that a lien attaches to secure their price, is a mixed question of law and fact, and its decision by a referee will not ordinarily be disturbed, unless it appears that he has misapplied the law.

ASSUMPSIT, for a furnace, cistern, and attachment sold to the defendant. The plaintiffs claim a lien for their price, under Gen. St., *c.* 125, *s.* 11. Facts found by a referee. The court overruled the objection that they were not furnished for erecting, altering, or repairing a house.

*Benton & Hutchins*, for the defendant.

*Ladd & Fletcher*, for the plaintiffs.

BINGHAM, J. The furnace was enclosed in brick and mortar, with a smoke-pipe passing to the chimney, and hot air-pipes passing to the several apartments, and was designed as a permanent method of warming the house. The cistern and pipes bringing the water to and carring it from the house, were designed to provide it permanently with water. They would pass by a conveyance of the house. *Tuttle* v. *Robinson*, 33 N. H. 119; *Wadleigh* v. *Janvrin*, 41 N. H. 503, 514, and cases cited. Whether they were furnished for erecting, altering, or repairing the house is a mixed question of law and fact, and its decision by a referee will not ordinarily be disturbed, unless it appears that he mistook or misap-

plied the law. *Cummings* v. *Centre Harbor*, 57 N. H. 17. The referee finds that the articles were used as the parties intended at the time of the sale, and that they have become a part of the house, so that the statutory lien attaches. In this we discover no error.

*Judgment on the report.*

Doe, C. J., did not sit: the others concurred.